**Robert COUCH, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 31, 1972.

---

Denver Adams, Hyden, for appellant.

John B. Breckinridge, Atty. Gen., Carl Miller, Asst. Atty. Gen., Frankfort, for appellee.

REED, Judge.

Robert Couch, who shot and killed Darrell Weaver, was convicted of voluntary

manslaughter. His punishment was fixed at 21 years' confinement. He has appealed and asserts that prejudicial error was committed by the trial court in that: (a) a dying declaration of Weaver was improperly admitted as evidence; (b) motions for a directed verdict of acquittal should have been sustained; (c) incorrect and incomplete instructions were given to the jury; (d) the verdict was not supported by evidence of probative value. We affirm the judgment.

The tragedy occurred on a Sunday in June 1971. Couch, then 17 years old, was visiting his girl friend, a 20-year-old divorcee, Arlene Hensley, who lived with her children at the home of her father. Darrell Weaver, then 19 years old, and some other young men came to the Hensley house to discuss some business matter with Arlene Hensley's father who was not at home at the time. There then ensued some beer drinking, and it appears that Arlene Hensley took offense at some comments directed at her by Weaver. She ordered Weaver and his companions to leave the house.

The evidence is conflicting concerning the events that precipitated the shooting, whether Weaver was armed or not, and who, if anybody, was drunk. In any event, Couch first secured a ball bat as Weaver and the others left the house, but Arlene took it away from him. He then went through two rooms of the house and secured a shotgun that belonged to Arlene Hensley's brother. Couch loaded the shotgun and returned to the front porch of the Hensley house. Couch admitted that he shot Weaver. The reason for the killing, according to Couch's testimony, was self defense and fear of harm to the occupants of the Hensley house. No gun was found on either Weaver or his companions after the incident. Weaver died two days later as a result of the wound inflicted by Couch.

■ Mildred Webb, mother of Weaver, testified that she visited her son in the hospital; that she had a conversation with him concerning the circumstances of the shooting after he said that he knew he was going to die and wanted a preacher summoned. According to Mildred Webb, Weaver stated that he asked Arlene Hensley for a date whereupon Couch "turned around on him with a ball bat and called him a son of a bitch." Later in the same conversation with his mother, Weaver said that "the boy run in the house and come to the door and shot me; Bobby Couch, Robert Couch."

Although Couch relies on Allen v. Commonwealth, 303 Ky. 783, 199 S.W.2d 453 (1947), to sustain his argument that this evidence was erroneously admitted, we do not so regard the effect of that decision. In Allen, it was pointed out that a dying declaration carries no more weight than a statement given on the witness stand, and may be discredited or contradicted in the same way as testimony of a living witness. Furthermore, we held therein that a dying declaration, general in character and contradicted by all the positive testimony, did not possess sufficient probative value, in view of its hearsay character, to sustain a verdict supported only by a belief in its veracity. The Allen decision is not authority that the dying declaration, if it truly qualifies as such, is not admissible; the problem, according to Allen, is the extent of the probative value of the declaration when considered in the context of the other evidence in the case. The declaration made by Weaver and the circumstances of its utterance fully met the requirements for admissibility stated in Slone v. Commonwealth, Ky., 354 S.W.2d 497 (1962). The contents of the declaration were not contradicted by the other positive evidence. Couch freely admitted that he shot Weaver. We fail to perceive any prejudice in its admission as evidence.

■ The prosecution's evidence was sufficient to present a submissible case for the jury's consideration. According to that evidence, it could be properly found that Couch killed Weaver, an unarmed man, without sufficient excuse to justify the homicide. Couch's claims of self defense

and defense of property and persons therein were for the jury's evaluation as to credibility. The trial judge properly overruled the motion for directed verdict of acquittal.

The complaint concerning the instructions is based on the trial court's inclusion of an instruction on murder. Couch, however, was convicted of voluntary manslaughter. The fact that an instruction on murder was given, even if erroneously, was not prejudicial because Couch was not convicted under that instruction. Mason v. Commonwealth, Ky., 463 S.W.2d 930 (1971). It is also urged that an instruction on reckless use of firearms should have been given. According to all the evidence the shooting was intentional. Nothing in the evidence justified such an instruction. Cf. Huff v. Commonwealth, 250 Ky. 486, 63 S.W.2d 606 (1933). Having decided that Couch was not entitled to a directed verdict of acquittal and that the credibility of his defenses of excusable homicide were for the jury's evaluation, we cannot say that the verdict was not supported by evidence of probative value.

The judgment is affirmed.

All concur.