Jack L. COLEY, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

July 1, 1977.

Robert M. Kirtley, Owensboro, for appellant.

Robert F. Stephens, Atty. Gen., Martin Glazer, Asst. Atty. Gen., Frankfort, for appellee.

Before COOPER, LESTER and WHITE, JJ.

COOPER, Judge.

This is an appeal from a judgment in the Henderson Circuit Court, wherein the appellant, Jack L. Coley, was indicted and tried for committing the offense of theft by deception, but was convicted of the offense of attempted theft by deception.

David Sheets, a mechanic, testified that he was hired by the appellant to rewire his 1971 Cadillac automobile. He performed the work but the automobile would not run properly. The appellant instructed Sheets to loosen the gas line, that he, the appellant, was going to burn the car. Coley poured gasoline in the front of the car, set it afire and then told Sheets to call the fire department. The car had burned by the time the fire department arrived. Sheets also testified that Coley had attempted to burn the car on a previous occasion, but a truck driver had put the fire out before too much damage had been done.

William S. Jones, a claims representative for the Kentucky Farm Bureau Mutual Insurance Company, testified that Coley filed a claim for loss on April 19, 1976. He stated that Coley reported on the form that the fire had started as a result of the car's backfiring, and that the total loss was between $2,800 and $3,000. The claim was not paid.

Hugh Stone, a deputy sheriff, testified that he investigated the fire and saw the car while the fire department was attempting to extinguish the fire. He said Coley told him two different stories as to the details of the fire. First, Coley told him that he was towing the car when it back-fired and caught fire. Later, Coley said he was driving the car and then it quit; he tried to start it but it backfired and caught on fire.

Roy Crider, Kentucky State Police Arson Investigator, introduced pictures of the damaged car stating that the fire started between the instrument panel and the front seat. He further stated that the instrument panel was on the floor and an accelerant was applied, explaining that an accelerant was something like gasoline, kerosene or diesel fuel. Samples of the burned material were taken and sent to the laboratory in Frankfort. Crider's opinion was that the fire did not start in the motor because the hoses were not burned, and it appeared that only a flash fire occurred in the motor section. He stated that the fire could not burn through the fire wall into the driver's section without burning the motor more than it was burned, and if the fire originated by backfire in the motor section the hood would have been damaged more.

Barry Marston, a chemist with the State Crime Laboratory, stated that the materials found in the sample debris sent to him contained gasoline or flammable petroleum by-products.

Coley testified that the car first burned on an expressway and was put out by a trucker. The car then had a gas leak in it and he employed Sheets to repair the damage. Upon Sheets's apparent repairing of the car, it again did not work properly and it backfired and caught fire.

On rebuttal, the Commonwealth put on Jack Williams who worked with Coley in the coal mines. He testified that Coley had indicated in front of him and others that he, Coley, was going to burn his car to collect the insurance.

Appellant was indicted for committing theft by deception and the Commonwealth's attorney stated to the jury that theft by deception was the charge. He further asked the jurors during voir dire whether they could sentence Coley to not less than one (1) year nor more than five (5) years in the penitentiary, the penalty which is pro-

vided for theft by deception, if they were satisfied he had been proven guilty.

It developed that no money had been paid by the insurance company, and the only offense that could have been committed was attempted theft by deception. The appellant tendered instructions to the Court on the misdemeanor offense which were accepted and given to the jury.

Appellant was convicted of the offense of attempted theft by deception to defraud his insurer, and received a sentence of 12 (twelve) months in jail and a fine of $500.00.

Two questions are involved in this appeal:
(1) WAS IT PROPER TO TRY THE DEFENDANT ON A CHARGE OF THEFT BY DECEPTION?
(2) WAS THE CLOSING ARGUMENT OF THE PROSECUTING ATTORNEY SO IMPROPER AS TO CONSTITUTE A REVERSIBLE ERROR?

■ It is the contention of the appellant that his case was greatly prejudiced due to the fact that he was tried on the greater charge, to-wit: theft by deception, and convicted on the lesser charge as per instructions given by the trial court. There is a long line of cases that hold that the rights of a defendant are not prejudiced if he is tried on the greater offense, and the trial court instructs on the whole law of the case and he is convicted of a lesser degree of the offense. In the case of *Couch v. Commonwealth*, Ky., 479 S.W.2d 636 (1972), the Court held that the giving of an instruction on murder is not prejudicial to defendant who was convicted of voluntary manslaughter. In the case at bar, the only instructions given were on the lesser offense. The Commonwealth's attorney was prosecuting the case based upon the Grand Jury's indictment, and by the time of trial the insurer could have paid defendant the money thereby completing the felony charge.

■ Appellant asserts that the closing argument of the Commonwealth's attorney was so improper that it constituted a reversible error. As stated in *Hunt v. Commonwealth*, Ky., 466 S.W.2d 957 (1971): ". . . a Commonwealth's attorney is entitled to draw reasonable inferences from the evidence, to make reasonable comment upon the evidence and to make reasonable argument in response to matters brought up by the defendant." Perhaps the language of the prosecuting attorney was not altogether proper, but it certainly was not a prejudicial error considering the overwhelming proof of appellant's guilt as outlined earlier in this opinion.

The judgment is affirmed.

All concur.