Gerald W. **RUSSELL**, Appellant,

v.

**COMMONWEALTH of
Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 10, 1986.

Discretionary Review Denied by Supreme
Court Dec. 10, 1986.

Michael Palermo, Fayette County Legal
Aid, Inc., Lexington, for appellant.

David L. Armstrong, Atty. Gen., Joseph
R. Johnson, Asst. Atty. Gen., Frankfort,
for appellee.

Before DYCHE, HOWARD and WIL-
HOIT, JJ.

DYCHE, Judge.

Gerald Russell shot Darin George twice
with a pistol following an altercation be-
tween the two; he was convicted of as-
sault, second degree, by a jury in the Fa-
yette Circuit Court, and received a five-
year prison sentence. He now brings this
appeal, making two assignments of error.

■ He first claims that the trial court
committed error by instructing the jury on
assault, first degree, since the Common-
wealth failed to prove that the victim re-
ceived serious physical injury. We need
not rule on that contention, as Russell was
found guilty of second degree assault; con-
viction of a lesser included offense renders
the instruction on the greater offense
harmless error. *Sweatt v. Common-
wealth*, Ky.App., 586 S.W.2d 289 (1979),
*Hensley v. Commonwealth*, Ky.App., 474
S.W.2d 888 (1971), *Coley v. Common-
wealth*, Ky.App., 553 S.W.2d 472 (1977),
*Couch v. Commonwealth*, Ky., 479 S.W.2d
636 (1972) and *Rigsby v. Commonwealth*,
Ky., 495 S.W.2d 795 (1973).

Russell next assigns error to the trial
court's instruction concerning the "errone-
ous belief qualification" to the self-protec-
tion instruction. Having decided from the
evidence that the defendant was entitled to
the KRS 503.050 "self defense" instruction,
the trial court further instructed the jury
pursuant to KRS 503.120(1), which reads:

When the defendant believes that the use
of force upon or toward the person of
another is necessary for any of the pur-
poses for which such belief would estab-
lish a justification under KRS 503.050 to
503.110 but the defendant is wanton or
reckless in believing the use of any force,
or the degree of force used, to be neces-
sary or in acquiring or failing to acquire
any knowledge or belief which is materi-
al to the justifiability of his use of force,
the justification afforded by those sec-
tions is unavailable in a prosecution for
an offense for which wantonness or reck-
lessness, as the case may be, suffices to
establish culpability.

This instruction, in effect, allowed the
jury to "take back" the self-protection jus-

tification if it found that Russell's belief that he needed to use force to protect himself was "unreasonable."

■ It is the duty of the Court to instruct on the whole law of the case. Such instructions must be consistent with the evidence in the case. *Grissom v. Commonwealth*, Ky., 468 S.W.2d 263 (1971), *Pilon v. Commonwealth*, Ky., 544 S.W.2d 228 (1977), and *Butler v. Commonwealth*, Ky., 560 S.W.2d 814 (1978). There was no evidence in this case that the shooting of Darin George by Gerald Russell was anything but intentional. This being so, the instruction given under KRS 503.120 was improper. As the Supreme Court has said in *Baker v. Commonwealth*, Ky., 677 S.W.2d 876, 878 (1984):

> KRS 503.120 provides that an unreasonable belief that the use of force is necessary for self protection which would establish justification for an intentional act pursuant to KRS 503.050 cannot be used as justification in a prosecution where wantonness or recklessness suffices to establish culpability. The commentary points out that while an unreasonable but actual belief in the necessity to use physical force for self protection will justify an intentional act, it cannot be used to justify a wanton or reckless act.

The 1974 commentary to KRS 503.120 also states in part:

> As a consequence of subsection (1) of this section, however, a defense of justification that is based upon an *unreasonable belief,* as to the need for use of any force or the degree of force used may be limited in application to offenses having "intentional" as the essential element of culpability.

The "unreasonable belief" instruction, as well as the other instructions dealing with wanton, rather than intentional, conduct were objected to by counsel for appellant, and should not have been given. Accordingly, the judgment of the Fayette Circuit Court is reversed and this case is remanded for proceedings consistent with this opinion.

HOWARD, J., concurs.

WILHOIT, J., concurs in result by separate opinion.

WILHOIT, Judge, concurring in result.

Because of the singular reasoning of the Court in *Baker v. Commonwealth*, Ky., 677 S.W.2d 876 (1984), followed in *Gray v. Commonwealth*, Ky., 695 S.W.2d 860 (1985), I concur in the majority opinion. Although the appellant does not specifically argue on appeal that the instruction on second-degree assault, which instructed on wantonness, should not have been given, at trial he objected "to the instructions dealing with wanton[n]ess or recklessness," and on appeal he maintains "there was not even a proffer of evidence that wantonness or recklessness was involved." Contrary to the appellee's argument, I believe the appellant's failure now to specifically attack the second-degree assault instruction does not constitute a waiver of his complaint with respect to the self-protection instruction.