504 So.2d 476 (1987)
George Edward CHAMBERS, Appellant,
v.
STATE of Florida, Appellee.
No. BJ-346.
District Court of Appeal of Florida, First District.
March 19, 1987.
Michael E. Allen, Public Defender and David A. Davis, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen. and Barbara Ann Butler, Asst. Atty. Gen., Jacksonville, for appellee.
WIGGINTON, Judge.
A jury found Chambers guilty of two counts of capital sexual battery. Due to the fact that the victims were approximately eight and five years of age and were his stepsons, a motion for order to present the victims' testimony at trial by video equipment was granted. Accordingly, the videotaped testimony of the two alleged child victims was made, while appellant viewed the proceedings from behind a two-way mirror. Subsequent to the videotaping, and just prior to trial, both children recanted their testimony that appellant had sexually abused them. Nevertheless, despite an initial pretrial order prohibiting the State's use of the videotape, the State was later granted permission by the court to show the videotape at trial. Both children also testified at trial.
During its deliberations, the jury requested and was granted permission to have reread to them in open court one of the children's trial testimony, as well as have replayed for them in the jury room the videotaped testimony. Appellant did not enter an objection to the replaying of the videotape during the jury's deliberation or offer alternative suggestions, such as having the transcription of the audio portion of the videotape reread, or having the tape replayed in open court under the direct supervision of the judge. An objection was raised for the first time in a motion for new trial, which was denied. On appeal, appellant raises three points challenging the court's allowing the videotaped testimony to be reviewed during the jury's deliberations, appellant's limited participation in the actual videotaping of the testimony, and the court's denial of appellant's motion for judgment of acquittal. We affirm.
*477 As to appellant's first point, we decline to address the issue of the propriety of the trial court's giving the jury the videotaped testimony of the children to view during their deliberations. Section 92.53, Florida Statutes (1985), previously section 90.90, specifically allowed for the videotaping of the testimony of the instant case.[1] Subsection (6) characterizes such testimony as admissible evidence.[2] The fundamental question, though, arises when a jury is granted permission to review the videotape, presumably under the auspices of Florida Rule of Criminal Procedure 3.400(d).[3] Given the unique nature of videotaped testimony, by allowing it to be replayed, the jury is granted an additional occasion to observe the demeanor of the witnesses during its deliberation not available when testimony is simply reread to it. Even so, defense counsel made no objection at the time of the jury's request, and offered no alternative suggestions against which this Court could compare the trial court's exercise of discretion. Lewis v. State, 398 So.2d 432, 437 (Fla. 1981). Thus, it is impossible for this Court to determine whether an abuse of judicial discretion occurred, and, given this posture, we decline to hold such action to be per se prejudicial and reversible error.
As to appellant's second point, he argues that by limiting his presence at the videotaped hearing to viewing the witnesses behind a two-way mirror, pursuant to section 92.53(4), the court relied on the wrong statute, since appellant's crime was committed prior to 1985, and that the court unconstitutionally abridged his Sixth Amendment right to confrontation. He also argues that section 90.90 violates article V, section 2 of the Florida Constitution. As to which statute should have applied, this issue has been waived since no objection was made below, and both the prosecutor and defense counsel discussed the State's motion in terms of the procedure set forth in section 92.53. Subsection (4) specifically provides that within the court's discretion, the defendant may be required to "view the testimony from outside the presence of the child by means of a two-way mirror or other similar method that will ensure that the defendant can observe and hear the testimony of the child in person, but that the child cannot hear or see the defendant."[4]
We do not consider that such limitation was an unconstitutional abridgment of appellant's Sixth Amendment right to confrontation. That right is not absolute, "and competing interests, if closely examined, may warrant dispensing with confrontation at trial." Ohio v. Roberts, 448 U.S. 56, 63-64, 100 S.Ct. 2531, 2537-2538, 65 L.Ed. 597 (1980); Mattox v. U.S., 156 U.S. 237, 15 S.Ct. 337, 39 L.Ed. 409 (1985) (noted that the Sixth Amendment's right of confrontation would occasionally give way to public policy considerations and the necessities of the case).
Weighing the competing interests in the balance, we hold that the defendant's right to confront his accusers must give way to *478 the State's interest in sparing child victims of sexual crimes the further trauma of in-court testimony. Cf. State v. Tafoya, 105 N.M. 117, 729 P.2d 1371 (App.), cert. denied, 105 N.M. 94, 728 P.2d 845 (1986); People v. Algarin, 129 Misc.2d 1016, 498 N.Y.S.2d 977 (Sup.Ct. 1986). Even in United States v. Benfield, 593 F.2d 815 (8th Cir.1979), relied on by appellant to support his argument that he was entitled to a face-to-face confrontation, the court recognized that certain circumstances could be "so heinous as to excuse the victim from facing [the defendant] while testifying." Id., at 821.
Although "the Confrontation Clause reflects a preference for face-to-face confrontation at trial," Ohio v. Roberts, 448 U.S. 63-64, 100 S.Ct. 2537-2538, the "main and essential" purpose of the clause is to secure to the accused the opportunity of crossexamination. Delaware v. Van Arsdall, 475 U.S. ___, ___, 106 S.Ct. 1431, 1440, 89 L.Ed.2d 674, 683 (1986). In the instant case, not only was appellant afforded the opportunity to cross-examine the children through his defense counsel, but the children testified at trial in appellant's presence. Consequently, appellant was in no way denied his Sixth Amendment right to confrontation in the instant case. See California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970) (a court's admitting a declarant's out-of-court statements in situation where declarant is available to testify does not violate confrontation clause); see also State v. Tafoya, supra (even though defendant was in control booth, he was "present," within that term's ordinary meaning, as required by statute); People v. Algarin, supra (defendant not denied his right to confrontation by statute authorizing the examination of emotionally traumatized child victims by live closed-circuit television outside the defendant's physical presence); State v. Johnson, 240 Kan. 326, 729 P.2d 1169 (1986) (no violation of clause even though defendant not face-to-face with child during videotaping, since defense attorney and the State were present and could cross-examine); Eastman v. Commonwealth, 720 S.W.2d 348 (Ky.App. 1986) (in that victim did testify, the defendant's right to confront not violated); People v. Johnson, 146 Ill. App.3d 640, 100 Ill.Dec. 330, 497 N.E.2d 308 (1986) (although defendant secluded during videotaped testimony, no confrontation violation since victim was cross-examined).
Appellant also challenges the statute on the basis that it violates article V, section 2 of the Florida Constitution as improperly infringing on the Florida Supreme Court's right to adopt rules for practice and procedure in all courts. Comparing Graham v. Murrell, 462 So.2d 34 (Fla. 1st DCA 1984), appellant maintains that section 90.90 is procedural in nature in that it prescribes the manner or method of examining a particular witness. Although during the hearing on the State's motion to have the testimony videotaped appellant generally argued that the statute was "unconstitutional," the record does not show that this precise issue was ever raised and ruled upon. Accordingly, we will not entertain it on appeal.
Finally, appellant argues that the court erred in denying his motion for judgment of acquittal, as the only evidence of the sexual batteries was the uncorroborated prior inconsistent statements of the children. Appellant relies on the supreme court's recent decision in State v. Moore, 485 So.2d 1279 (Fla. 1986), holding that prior inconsistent statements without any corroborating evidence are, as a matter of law, insufficient to prove guilt beyond a reasonable doubt. However, we find this case distinguishable from Moore as the testimony of the children's stepmother and stepsister, as well as that of the detective concerning the behavior of the children and appellant in giving their statements, sufficiently corroborated the children's prior inconsistent statements. Thus, the trial court did not err in denying appellant's motion for judgment of acquittal.
AFFIRMED.
WENTWORTH and NIMMONS, JJ., concur.
NOTES
[1] Section 92.53(1) provides:

On motion and hearing in camera and a finding that there is a substantial likelihood that a victim or witness who is under the age of 16 would suffer at least moderate emotional or mental harm if he were required to testify in open court or that such victim or witness is otherwise unavailable as defined in s. 90.804(1), the trial court may order the videotaping of the testimony of the victim or witness in a sexual abuse case or child abuse case, whether civil or criminal in nature, which videotaped testimony is to be utilized at trial in lieu of trial testimony in open court.
[2] (6) The motion referred to in subsection (1) may be made at any time with reasonable notice to each party to the cause, and videotaping of testimony may be made any time after the court grants the motion. The videotaped testimony shall be admissible as evidence in the trial of the cause; however, such testimony shall not be admissible in any trial or proceeding in which such witness testifies by use of closed circuit television pursuant to s. 92.54.
[3] Rule 3.400(d) allows a trial court in its discretion to permit the jury to take to the jury room "all things received in evidence... ." Because of our disposition of the issue in the instant case, we do not address the argument that videotaped testimony is the equivalent of "evidence" as contemplated by the rule.
[4] Section 90.90, the predecessor to section 92.53, did not provide for the defendant's presence to be limited to review of the testimony behind a two-way mirror.