530 So.2d 452 (1988)
George Edward CHAMBERS, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1375.
District Court of Appeal of Florida, First District.
August 31, 1988.
*453 Michael E. Allen, Public Defender, and David A. Davis, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Royall P. Terry, Jr., Asst. Atty. Gen., Tallahassee, for appellee.

ON MOTION FOR REHEARING
ZEHMER, Judge.
Appellant's motion for rehearing is granted in part. We withdraw our opinion filed June 30, 1988, and substitute the following opinion therefor.
This is an appeal from an order denying appellant's motion for post-conviction relief without a hearing. Appellant's rule 3.850 motion alleged denial of effective assistance of counsel.[1] As specific grounds, appellant alleged that his trial attorney failed to (1) challenge the constitutionality of section 90.90, Florida Statutes (Supp. 1984), as violative of the Florida Constitution, (2) object to the state's failure to demonstrate a substantial likelihood of severe emotional distress to the child victims before videotaping their testimony,[2] and (3) object to the jury being allowed to view the child victims' videotaped testimony during deliberation of its verdict. In denying the motion, the lower court ruled that the issues appellant claimed his counsel failed to raise at trial were in fact raised both at trial and on appeal and attached this court's opinion on the direct appeal of this case.[3]
Rule 3.850 requires that a moving defendant is entitled to an evidentiary hearing unless the motion and the files and records in the case conclusively show that he is entitled to no relief. Meeks v. State, 382 So.2d 673 (Fla. 1980). If the defendant raises a matter that may properly be considered pursuant to a rule 3.850 motion, the trial judge reviewing the motion must either grant an evidentiary hearing or attach that portion of the case file or record which conclusively shows that the prisoner is entitled to no relief. Id. at 676. A claim of ineffective assistance of counsel is an appropriate ground for a 3.850 motion. Id. at 675.
The trial court's ruling on appellant's 3.850 motion overlooked the rule that a claim of ineffective assistance of counsel cannot be raised for the first time on direct appeal, since it is a matter that has not previously been ruled on by a trial court. State v. Barber, 301 So.2d 7, 9 (Fla. 1974). On direct appeal, we explicitly refused to *454 address two of the issues now raised by appellant as grounds for ineffective assistance of counsel because appellant's trial counsel had not preserved those issues for appeal by making appropriate objections during the lower court proceedings. We did not consider on the direct appeal the grounds for ineffective assistance of counsel now alleged by appellant. Furthermore, our opinion does not mention the third ground for appellant's claim, the failure to demonstrate a likelihood of harm to the victims before allowing the videotaping of their testimony, and we cannot tell from the record now before us whether this issue was raised during trial. Consequently, the grounds stated in the trial court's order for denial of appellant's rule 3.850 motion are not supported by the record, and we cannot affirm the order for the reasons so given.
Appellant's motion for rehearing, among other contentions, points out that subsequent to filing his motion for post-conviction relief and the issuance of our original opinion on his appeal from the denial of such motion, the Supreme Court issued its opinion in Coy v. Iowa, ___ U.S. ___, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988), clarifying a defendant's sixth amendment right of confrontation in a child-sex-abuse case. Since the Coy decision could have a direct impact on the disposition of appellant's motion for post-conviction relief, appellant should be permitted to amend his motion to include a change-of-law claim. See Witt v. State, 387 So.2d 922 (Fla. 1980).
The appealed order is reversed and this cause is remanded for further proceedings pursuant to rule 3.850.
REVERSED AND REMANDED.
SMITH, C.J., and JOANOS, J., concur.
NOTES
[1] Appellant also claimed that he received an illegal sentence, but the denial of that claim is not before us on appeal.
[2] § 90.90(1), Fla. Stat. (Supp. 1984), provides that

On motion and hearing in camera and a finding that there is a substantial likelihood that a victim or witness who is under the age of 16 would suffer severe emotional or mental distress if he were required to testify in open court, the trial court may order the videotaping of the testimony of the victim or witness in a sexual abuse case or child abuse case, whether civil or criminal in nature, which videotaped testimony is to be utilized at trial in lieu of trial testimony in open court.
[3] Our opinion on the direct appeal of this case is reported at 504 So.2d 476 (Fla. 1st DCA 1987), and includes a summary of the facts.