# *IMPORTANT NOTICE*
## *NOT TO BE PUBLISHED OPINION*

*THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28 (4) (c), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS AUTHORITY IN ANY OTHER CASE IN ANY COURT OF THIS STATE.*

# Supreme Court of Kentucky

2005-SC-0886-MR

HARRY ROBERT McCROBIE, JR.                                                   APPELLANT

V.

APPEAL FROM TAYLOR CIRCUIT COURT
HONORABLE ALLEN RAY BERTRAM, JUDGE
2003-CR-00108

COMMONWEALTH OF KENTUCKY                                                      APPELLEE

## MEMORANDUM OPINION OF THE COURT

## AFFIRMING

This appeal is from a jury verdict which found McCrobie guilty of Burglary in the First Degree, Assault in the First Degree, three counts of Wanton Endangerment in the first degree and Kidnapping. The jury recommended a sentence of 12 years all to run concurrent. The trial judge did not accept the jury decision and ordered the sentences to run consecutive for a total of 24 years.

McCrobie raises seven issues for review: whether the waiver of the disqualification of the trial judge was valid; whether the trial judge committed error by ordering the sentences to run consecutively after the jury recommended they run concurrently; whether his request for a continuance was improperly denied; whether improper victim impact evidence was allowed; whether an expert witness who testified

in favor of McCrobie had his testimony improperly limited; whether the failure to swear in a bailiff was error; and, whether there was cumulative error.

McCrobie and his roommate had a history of a violent relationship. The roommate finally moved out of the apartment and stayed with his sister, her husband and two children in a nearby community. McCrobie appeared at the sister's home and returned some mail and personal items to his former roommate. After receiving the items, the roommate closed the front door. McCrobie then pulled out a large caliber revolver and started shooting. The first shot went through the front door and struck the sister resulting in life threatening arterial bleeding. She ultimately lost the use of her hand and wrist despite emergency treatment. The roommate took his bleeding sister and the two children and tried to hide in a bedroom. More shots were fired by McCrobie who found the group in the bedroom and while brandishing the hand gun, ordered the former roommate to leave with him or he would kill the sister and her children. McCrobie forced his former roommate into a vehicle and the two drove away. McCrobie continued to threaten the former roommate with the handgun. Finally, the victim jumped from the moving vehicle and sought shelter in a nearby store. The police arrived and arrested McCrobie ending the ordeal.

The trial judge ordered a mental health evaluation at the Kentucky Correctional Psychiatric Center. McCrobie was diagnosed with disassociative amnesia, anxiety, depressive disorder with post-traumatic stress syndrome, panic attacks and alcohol abuse. The doctor did however find him to be clearly competent to stand trial because he certainly possessed the cognitive ability to appreciate the nature and consequences of the proceedings against him.

2

At arraignment, McCrobie, his attorney and the assistant Commonwealth Attorney prosecuting the case all examined and signed a waiver provided by the Court. The waiver indicates that each party knew that the trial judge's uncle was the Commonwealth Attorney for that county yet acknowledged that the relationship was immaterial to the proceedings. At a later hearing, the trial judge noted that prior to signing the waiver, McCrobie received treatment at the state psychiatric facility for two months and was represented by competent counsel.

The jury returned verdicts of guilty to the charges of assault in the first degree, burglary in the first degree, kidnapping, and three counts of wanton endangerment in the first degree. Although the jury had recommended concurrent sentences for all charges, the court imposed consecutive sentences for the counts of assault in the first degree and burglary in the first degree. This appeal followed.

## I. Disqualification Waiver

McCrobie argues that it was error for the trial judge to refuse to disqualify himself because he was the nephew of the Commonwealth Attorney who sat at counsel table during the trial. He also contends that the waiver he signed while the proceedings were postponed to determine his competency was invalid. We disagree.

A judge shall disqualify himself from any proceeding when he is related to any party within a third degree of relationship. KRS 29A.015(2)(d)(2), SCR 4.300 Canon (3)(E). The disqualification may be waived by the parties affected. Commonwealth v. Carter, 702 S.W.2d 409 (Ky. 1985). McCrobie did sign a waiver along with his attorney and the assistant Commonwealth Attorney. Normally that would be the end of the matter.

3

McCrobie raised the issue of competency at trial. He also suggested that he was not competent to understand what he was doing at the time he signed the waiver. Prior to signing the waiver, McCrobie had been treated at the state psychiatric hospital for two months. Subsequent to signing the waiver he was found to be competent to stand trial. He consulted with his attorney prior to signing the waiver. His counsel additionally signed the waiver. McCrobie does not suggest that his attorney was in any way deficient. McCrobie repeatedly indicated to the trial judge that he wanted his competency hearing delayed until other matters were finished. We can only conclude that the decision to raise his competency to sign the waiver on the morning of trial was trial strategy in order to seek delay and was without merit. The waiver was valid. There was no error.

## II. Consecutive Term Of Sentence

McCrobie claims that the trial judge abused his discretion and violated his rights by imposing consecutive sentences in disregard of the recommendation of the jury for concurrent sentences. He complains that his right to remain silent was violated when the trial judge allegedly used his silence against him at sentencing as a basis for imposing consecutive sentences. We disagree.

The jury is required to recommend whether multiple sentences are to run concurrent or consecutive. KRS 532.055(2). That recommendation has significance, meaning and importance. Lawson v. Commonwealth, 85 S.W.2d 571 (Ky. 2002). The ultimate decision for sentencing, however, rests with the trial judge. Murphy v. Commonwealth, 50 S.W.3d 173 (2001). That decision must, however, be reviewed to see that it conforms to constitutional limitations.

4

Invocation of the right to remain silent may not be used against a defendant at sentencing. See Mitchell v. United States, 526 U.S. 314 (1999). The trial judge did indicate in the sentencing order that one factor considered was the absence of an explanation of why the crimes occurred or how McCrobie's conduct came into effect. An explanation could have been offered in many ways other than a defendant's testimony.

McCrobie's defense was his mental health at the time of the crimes. Testimony was presented that tried to explain why the crimes were committed and what caused McCrobie to commit them. The remark in the sentencing order did not address his right to remain silent but rather, acknowledged the complete failure of the defense to explain the crimes and actions. There was no abuse of discretion. The trial judge did not rely on impermissible criteria when imposing sentence. There was no error.

### III. Denial Of Continuance

McCrobie maintains that it was error when the trial judge failed to exclude the testimony of a prosecution witness or grant the motion by the defendant for a continuance because of the last minute disclosure of this witness. We disagree.

At 4:30 p.m. on the eve of trial, the prosecutor sent a fax disclosing the identity of a witness. That person testified that he had seen McCrobie leaving his house the morning of the crimes carrying a hand gun. The prosecution used this testimony in an effort to defeat McCrobie's defense that his mental state prevented him from developing the requisite intent to commit the crimes. McCrobie sought relief from the trial judge by motion to exclude the witness or, in the alternative, to continue the trial in order to allow McCrobie to investigate the planned testimony. The trial judge denied the request.

5

The prosecutor is not required to provide a witness list before trial. Lowe v. Commonwealth, 712 S.W.2d 944 (Ky. 1986). McCrobie makes no claim that this witness had any exculpatory bearing on his case requiring prior disclosure. See Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

We will only reverse a trial judge's decision regarding a continuance if that decision was arbitrary, unreasonable, unfair or if not supported by legal principles. Commonwealth v. English, 993 S.W.2d 941 (Ky. 1999). Although McCrobie disagrees with the decision reached by the trial judge and provides his argument and views of how he believes the trial judge should have ruled, he presents nothing to indicate that the trial judge abused his discretion in any manner. Merely disagreeing with the application of the factors used by the trial judge to determine whether to grant the continuance, does not warrant a reversal. See Snodgrass v. Commonwealth, 814 S.W.2d 579 (Ky. 1991). There was no error.

## IV. Improper Victim Impact Evidence

McCrobie argues that it was error to allow the prosecution to introduce inflammatory victim impact evidence during the guilt phase of the trial. He asserts that the grandmother improperly testified about the current well being of the children who were present at the time of the shooting. We do not agree.

The testimony of the grandmother did not rise to the level of reversible error. McCrobie never denied that he committed the criminal acts. The only question for the jury was whether or not he was responsible for his actions. Here, the prosecutor did not attempt to capitalize on the testimony from the grandmother. The testimony in question was not particularly emotional or essential to the effect that the children were

emotionally damaged by being present when their mother was shot and their uncle kidnapped at gunpoint.

The grandmother testified during the guilt phase of the trial concerning the current well-being of the children who were in the home when shots were fired. They were the identified victims of two of the wanton endangerment charges. Victim impact evidence is improper if introduced during the guilt phase of the trial. Ice v. Commonwealth, 667 S.W.2d 671 (Ky. 1984), *cert. denied,* 469 U.S. 860 (1984). Testimony intended to arouse sympathy for the victims is largely irrelevant to the issue of guilt. See Bennett v. Commonwealth, 978 S.W.2d 322 (Ky. 1998). The testimony should not have been admitted.

We are, however, required to analyze this issue from the view of harmless error. RCr 9.24; Bennett id. at 324. The isolated comment did not prejudice the jury and deny McCrobie a fair trial. The prosecutor did not dwell on the impact of the crimes on the victims. A review of the record shows that this testimony, although error, was harmless. McCrobie had a fair trial. See, id. at 326.

### VI. Limited Expert Witness Testimony

McCrobie believes it was error when the trial judge refused to allow his treating psychologist to testify about the global assessment function at the time of his admission to KCPC. We disagree.

McCrobie called a doctor as a witness to testify about his medical condition on release from the state psychiatric hospital. He then asked the witness to describe the contents of a report of another doctor. The proposed testimony was clearly improper hearsay. KRE 801(c). If McCrobie wanted the testimony admitted, he could have

7

called the other doctor as a witness. The hearsay testimony was properly excluded. KRE 802. There was no error.

### VII. Failure To Swear In A Bailiff

McCrobie next presents the fact that the bailiff was never sworn to perform his duty of keeping the jurors together, prevent outside communication and to not interfere with the process of the jury. See RCr 9.68. This allegation of error is admittedly unpreserved but it is reviewable under RCr 10.26. There is no error if an unsworn bailiff performs his duty. Cole v. Commonwealth, 553 S.W.2d 468 (Ky. 1977). McCrobie gives no argument that the bailiff failed to perform his duty. We will not presume error when the burden remains on the complaining party to bring forth at a minimum, some affirmative indication that the bailiff did not perform his duty. See Mason v. Commonwealth, 463 S.W.2d 930 (Ky. 1971). There was no error.

### VIII. Cumulative Error

Finding no significant error in the issues presented, we do not find cumulative error which would require a reversal of this case. See Woodall v. Commonwealth, 63 S.W.2d 104 (Ky. 2001). The alleged cumulative errors were not preserved and do not meet the standards of RCr 10.26.

McCrobie was not denied any state or federal constitutional right. He received a fundamentally fair trial.

The judgment of conviction and sentence is affirmed.

Graves, Minton, Roach, Scott and Wintersheimer, JJ., concur. McAnulty, J., dissents by separate opinion and is joined by Lambert, C.J.

8

COUNSEL FOR APPELLANT:

Christopher N. Lasch
Yale Law School
Jerome N. Frank Legal Services
Organization
127 Wall Street
New Haven CT 06511

Michael L. Goodwin
Goodwin & Lasch, P.S.C.
6008 Brownsboro Park Blvd.
Louisville KY 40207


COUNSEL FOR APPELLEE:

Gregory D. Stumbo
Attorney General of Kentucky

Robert E. Prather
Assistant Attorney General
Criminal Appellate Division
Office of the Attorney General
1024 Capital Center Drive
Frankfort, KY 40601-8204

# Supreme Court of Kentucky

## 2005-SC-0886-MR

HARRY ROBERT McCROBIE, JR.                                       APPELLANT

V.
APPEAL FROM TAYLOR CIRCUIT COURT
HONORABLE ALLEN RAY BERTRAM, JUDGE
2003-CR-00108

COMMONWEALTH OF KENTUCKY                                       APPELLEE

## DISSENTING OPINION BY JUSTICE McANULTY

Respectfully, I dissent from that part of the Majority's Opinion that concludes that it was harmless error to admit victim impact evidence during the guilt phase of the trial. There is a time for this evidence at trial, and that time is in the sentencing phase, after a jury has found guilt. See KRS 532.055(2)(a)(7). Not only was the victim impact evidence impermissible in the guilt phase of the trial, but it was also irrelevant and highly prejudicial. See KRE 401. I would reverse and remand as I do not believe that McCrobie received a fair trial in light of the precipitous admission of this evidence.

Lambert, C.J., joins this dissent.